■ ADRIAN ALEXANDRU, Individually and on Behalf of All Other Limited Partners of GEMINI REALTY INVESTORS Similarly Situated, Appellant, v BRUCE BERRITT et al., Respondents.—In an action, inter alia, for a judgment declaring a conveyance of certain real property null and void, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated April 7, 1989, as granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remit-

ted to the Supreme Court, Kings County, for entry of a judgment declaring that the sale and conveyance of the real properties in question by the defendant Gemini Realty Investors to defendant Bay Associates is of full force and effect.

The defendant Gemini Realty Investors (hereinafter Gemini), a New York limited partnership, owned two apartment buildings that it sold to the defendant Bay Associates in November 1986. The deeds to the properties were signed by the defendant Bruce Berritt, acting as the sole general partner of Gemini. Approximately one year prior to the closing, Gemini's then general partner had appointed Berritt as his successor, pursuant to powers of attorney executed by Gemini's limited partners. An amendment to Gemini's certificate of limited partnership filed with the County Clerk in October 1985 listed Berritt as the general partner.

The plaintiff is a limited partner who owns 1½ shares of the partnership's 20 shares. In March 1987 the plaintiff commenced this action individually and on behalf of other limited partners to set aside the sale of the properties on the grounds that the limited partners had not approved the sale, that Berritt had no authority to sell the properties, and that the sale made it impossible for Gemini to carry on its ordinary business. The court granted the defendants' motions for summary judgment dismissing the complaint, and this appeal ensued.

The court properly granted summary judgment to the defendants (see, Zuckerman v City of New York, 49 NY2d 557). The partnership agreement gave the general partner the authority to sell the properties but provided that he could not do so without the consent of 51% or more of the limited partnership interests. The defendants submitted affidavits, notarized in 1988, from 16 limited partners who together owned a total of 15 of the approximately 20 shares, or about 75%. Each affiant stated: "I unconditionally agreed, consented to, and wholly approved of the said sales of both Partnership properties to Bay Associates at the time of the closing on the transaction on or about November 12, 1986. I furthermore re-affirm my consent to the said sales as of this date." The plaintiff failed to offer facts to refute this evidence that the sale of the properties had been approved by more than the required 51% of the limited partnership interests.

Furthermore, the plaintiff failed to offer evidence to refute the defendants' documentary proof that all of the limited partners, except himself, had accepted and cashed checks representing their shares of a distribution of the proceeds

from the sale. Even assuming that Berritt's actions were unauthorized, the limited partners ratified the sale of the properties by accepting the benefits of the sale *(see, e.g., Propoco, Inc. v Birnbaum,* 157 AD2d 774; *Hewett v Marine Midland Bank,* 86 AD2d 263).

The court properly found that there was no triable issue of fact with respect to the plaintiff's claim that the sale violated Partnership Law § 98 (1) (b), as the partnership held mortgages on the two properties sold to Bay Associates from which payments were collected and distributed to the partners.

Since this is an action for a declaratory judgment, we have directed that upon remittitur, the Supreme Court is to enter a judgment declaring that the sale and conveyance of the properties by Gemini to the defendant Bay Associates is of full force and effect *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.