■ ˙ EECP Centers of America, Inc., Appellant, v Vaso-medical, Inc., et al., Respondents. [696 NYS2d 837] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered July 6, 1998, as denied those branches of its motion which were to dismiss the first and second counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to dismiss the first and second counterclaims are granted, and those counterclaims are dismissed.

It is well settled that on a motion to dismiss a pleading for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the allegation the benefit of every possible favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87).

Here, the first counterclaim fails to allege any facts to indicate that the sole motivation for the appellant's actions was disinterested malevolence, thus warranting dismissal of the respondents' counterclaim based on prima facie tort (*see, Curiano v Suozzi,* 63 NY2d 113, 117; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Further, the second counterclaim alleging abuse of process should also have been dismissed as it fails to state the essential elements required for such a claim (*see, Curiano v Suozzi, supra,* at 116-117). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.