■ FRED TUCK AND COMPANY, INC., Respondent, v BRONXVILLE PROPERTIES, INC., et al., Appellants. [701 NYS2d 107] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered February 3, 1999, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Jack Dweck for failure to state a cause of action.

Ordered that the appeal by the defendant Bronxville Properties, Inc., is dismissed for failure to perfect (*see,* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Jack Dweck; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that on a motion to dismiss a pleading for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference to determine whether the facts alleged fit within any cognizable legal theory (*see, Leon v Martinez,* 84 NY2d 83; *EECP Ctrs. v Vasomedical, Inc.,* 265 AD2d 372).

The complaint stated a cause of action against the appellant Jack Dweck, because it alleged that he personally entered into the contract at issue, and that he breached the contract. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.