■ COMMERCIAL TENANT SERVICES, INC., Appellant, v FIRST UNION NATIONAL BANK et al., Appellants. [762 NYS2d 342] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered June 3, 2002, which, inter alia, granted the cross motions of defendants First Union National Bank (First Union) and 765 Henry Investors, LLC (Henry Investors) for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The complaint was properly dismissed. Plaintiff and the predecessor-in-interest of First Union, then the owner of certain commercial premises, entered into an Agreement whereby plaintiff undertook to review and audit a Purchase Contract between First Union's predecessor and Prudential Insurance Corporation of America (Prudential) to determine whether First Union's predecessor was being overcharged for building services provided by Prudential. Under the plain and unambiguous terms of the Agreement, plaintiff was entitled to a fee only if plaintiff identified overcharges for building services provided by Prudential, First Union authorized plaintiff to seek a refund on its behalf, and First Union actually obtained a refund for the identified overcharges. Plaintiff was not entitled to fees based on overcharges identified but not refunded to First Union. Accordingly, once First Union sold the premises in question to Henry Investors, and was no longer

receiving from Prudential any refunds of overcharges for building services, plaintiff was no longer entitled to any fee under the Agreement.

Contrary to plaintiff's argument, nothing in the Agreement precluded First Union from transferring the premises. Indeed, the Agreement expressly gave First Union discretion to determine whether to seek a refund from Prudential, and without such authorization from First Union, and recovery of the overcharge, no fee could have been owed plaintiff. Since First Union was not obligated to seek a refund, it cannot be said that its transfer of the premises in any way frustrated the Agreement. Nor was there any provision in the Agreement which obligated First Union to receive refunds for a definite term or until the expiration date of the Purchase Contract. Because the Purchase Contract expressly gave First Union authority to terminate the building services contract at any time, its term ended when First Union and Prudential mutually agreed to terminate the Purchase Contract. Plaintiff's claim that First Union breached its duty of implied good faith and fair dealing when it transferred the premises to Henry Investors is improperly raised for the first time on appeal (*see Merchants Bank of N.Y. v Stahl*, 269 AD2d 236 [2000]) and is, in any event, without merit (*see 124 In-To-Go Corp. v Roundabout Theatre Co.*, 266 AD2d 166 [1999], *lv dismissed* 94 NY2d 944 [2000]).

The claim for unjust enrichment was properly dismissed since a valid contract exists governing the subject matter in dispute (*see G & G Invs. v Revlon Consumer Prods. Corp.*, 283 AD2d 253 [2001]). Plaintiff's argument that summary judgment should have been denied to permit further discovery is without merit (*see Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.