■ GEORGE C. ENGELHARDT, Appellant, v PETER C. McGINNIS et al., Respondents. [769 NYS2d 297]—

In an action for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Sweeny, J.), entered November 25, 2002, which, upon an order of the same court dated September 9, 2002, granting the defendants' motion for summary judgment dismissing the complaint and denying his cross motion for summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order dated September 9, 2002, is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint by demonstrating that they were ready, willing, and able to perform on the law day and that the plaintiff failed to appear at the time and place set by the defendants for the closing. In response, the plaintiff failed to show the existence of a triable issue of fact. Accordingly, the defendants were entitled to retain the down payment as liquidated damages in accordance with paragraph 24 of the contract of sale (*see Cohen v Cerier,* 243 AD2d 670, 671-672 [1997]; *Goller Place Corp. v Cacase,* 251 AD2d 287, 288 [1998]).

Although the defendant Peter C. McGinnis improperly withdrew a portion of the plaintiff's downpayment that he was holding in escrow the day before the declared date of closing, there is no evidence that he ever intended to forego his obligation under the contract as required for a claim of anticipatory repudiation (*see generally* 9 Corbin on Contracts § 959, at 756 [interim ed]; 11 Corbin on Contracts § 1053, at 266 [interim ed]; *Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.,* 252 AD2d 376 [1998], *revd* 93 NY2d 584 [1999]). Rather, even when declaring the plaintiff to be in default, the defendants advised that they "would honor the terms of the contract" if the plaintiff was "prepared to proceed at some point in the future."

The plaintiff's remaining contentions either are improperly raised for the first time on appeal or without merit. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.