■ HSBC BANK USA, N.A., Respondent, v BRUNO DECAUDIN et al., Defendants, and NAIDA I. VELAZQUEZ, Appellant. [854 NYS2d 184]—

A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted only where "the documentary evidence that forms the basis of the defense [is] such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claims" (*Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.,* 27 AD3d 445, 446 [2006]; *see Museum Trading Co. v Bantry,* 281 AD2d 524, 525 [2001]). The documentary evidence submitted by the defendant Naida I. Velazquez was sufficient to demonstrate that the subject conveyance to the defendant Bruno Decaudin was unauthorized. The conveyance was made by one of the two attorneys-in-fact of Velazquez's mother, in disregard of the requirement set forth in the power of attorney that they "act together" (*see Unterberg v Elder,* 211 NY 499 [1914]; General Obligations Law § 5-1501 [3]; 1-11 Warren's Weed, New York Real Property, Attorney-in-Fact § 11.25 [5th ed]). Nonetheless, an unauthorized conveyance may be ratified by the subsequent acts of the principal (*see Lipman v Vebeliunas,* 39 AD3d 488, 490 [2007]; *Alexandru v Berritt,* 168 AD2d 472, 474 [1990]; *Rende & Esposito Consultants v St. Augustine's R. C. Church,* 131 AD2d 740, 743 [1987]; *Diocese of Buffalo v McCarthy,* 91 AD2d 213 [1983]). Since the documentary evidence does not establish the absence of ratification, the motion was properly denied.

Velazquez's remaining contentions are without merit. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.