R.I. ISLAND HOUSE, LLC, et al., Appellants, v NORTH TOWN PHASE II HOUSES, INC., et al., Respondents, et al., Defendants. [858 NYS2d 372]—

In an action, inter alia, for a judgment declaring that the purported terminations of two contracts for the sale of certain real properties dated November 26, 2003, and February 9, 2004, respectively, are invalid and ineffective, and to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered October 4, 2006, which granted the motion of the defendants North Town Phase II Houses, Inc., North Town Phase II Associates, L.P., and Island House, Inc., in which the defendants North Town Phase III Houses, Inc., North Town Phase III Associates, L.P., and Westview Houses, Inc., joined, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7), granted the motion of the defendants North Town Phase III Houses, Inc., North Town Phase III Associates, L.P., and Westview Houses, Inc., in which the defendants North Town Phase II Houses, Inc., North Town Phase II Associates, L.P., and Island House, Inc., joined, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7), and granted the separate motion of the defendants Peter Kimmelman, AD North Town Houses, LLC, and estate of Irene Diamond to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, (a) by deleting the provisions thereof granting those branches of the motion of the defendants North Town Phase II Houses, Inc., North Town Phase II Associates, L.P., and Island House, Inc., in which the defendants North Town Phase III Houses, Inc., North Town Phase III Associates, L.P., and Westview Houses, Inc., joined, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and third causes of action and substituting therefor provisions denying those branches of the motion, (b) by deleting the provisions thereof granting those branches of the motion of the defendants North Town Phase III Houses, Inc., North Town Phase III Associates, L.P., and Westview Houses, Inc., in which the defendants North Town Phase II Houses, Inc., North Town Phase II Associates, L.P., and Island House, Inc., joined, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second, fourth, and seventh causes of action and substituting therefor provisions denying those branches of the motion, and (c) by deleting the provisions thereof granting those branches of

the separate motion of the defendants Peter Kimmelman, AD North Town Houses, LCC, and estate of Irene Diamond which were pursuant to CPLR 3211 (a) (7) to dismiss the sixth and eighth causes of action and substituting therefor provisions denying those branches of the separate motion; as so modified, the order is affirmed, with one bill of costs payable by the respondents.

The complaint alleges that the plaintiffs and each of two sets of defendants entered into two respective contracts, pursuant to which those defendants agreed to sell to the plaintiffs, and the plaintiffs agreed to purchase from those defendants, certain real properties located on Roosevelt Island for a total sum of $93,500,000. The two contracts provided for closing dates of March 31, 2004, and May 30, 2004, respectively, but allowed for several extensions at the purchasers' request and upon the purchasers' payment of additional sums toward the purchase price.

After several such extensions, the parties agreed, in letter agreements dated October 11, 2005, that by paying an additional sum of $500,000 per contract on or before October 31, 2005 the plaintiffs could cure their default under the prior contracts and extend the closing dates referable to both contracts until November 30, 2005. The letter agreements further provided that if the closings did not take place on that date, "then the Sellers shall have the right to immediately terminate the Agreements, as modified hereby, without prior Notice of Default and Default Cure Period . . . and retain all funds theretofore received from the Purchasers pursuant to the Agreements, as modified hereby, as liquidated damages and as the Sellers' sole remedy."

The plaintiffs allegedly made the payments necessary to extend the closing date to November 30, 2005 bringing the total sum they had paid toward the purchase price to $8,000,000 and increasing the purchase price to the sum of $97,500,000. The closings, however, did not take place as scheduled. Instead, on December 5, 2005 the parties entered into further agreements, which they dated "as of" November 30, 2005, pursuant to which the contracts would be extended until December 16, 2005, upon the purchasers' payment of an additional $1,000,000 on or before 3:00 P.M. on December 5, 2005. The purchasers never paid that sum and the two sets of defendants purportedly terminated the respective contracts on the following day. The plaintiffs nevertheless sought to close the transaction by tendering the balance of the purchase price on February 1, 2006, but both sets of defendants refused to close.

When the two sets of defendants subsequently refused to return the sums that the plaintiffs had paid toward the purchase price, the plaintiffs commenced this action seeking, among other things, a declaration that the purported terminations of the contracts were invalid and ineffective, as well as specific performance of the contracts, and damages for their breach. After the action was voluntarily discontinued against the defendants Melgerhel, Inc., and Melba D. Whatley, the Supreme Court granted the motion of the defendants North Town Phase II Houses, Inc., North Town Phase II Associates, L.P., Island House, Inc., North Town Phase III Houses, Inc., North Town Phase III Associates, L.P., and Westview Houses, Inc. (hereinafter the Island/Westview defendants), to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) on the basis of documentary evidence and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and the separate motion of the defendants Peter Kimmelman, AD North Town Houses, LLC, and estate of Irene Diamond (hereinafter the Kimmelman defendants) to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). The plaintiffs appeal. We modify the order of the Supreme Court and deny those branches of the separate motions which were to dismiss the plaintiffs' first eight causes of action alleging that the moving defendants (hereinafter together the respondents) breached the respective contracts.

In order to prevail on that branch of their motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), the Island/Westview defendants were required to demonstrate that "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]). Insofar as their motion and the separate motion of the Kimmelman defendants are predicated upon CPLR 3211 (a) (7), the court is required to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). "Whether the plaintiff can ultimately establish the allegations 'is not part of the calculus' " (*Aberbach v Biomedical Tissue Servs., Ltd.,* 48 AD3d 716, 717-718 [2008], quoting *EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 19 [2005]).

The complaint states a valid cause of action for breach of contract by alleging the parties' agreements and the respondents' failure to perform when the plaintiffs tendered the

purchase price. The complaint also sufficiently alleges that if the respondents defaulted, the plaintiffs are entitled to specific performance. Contrary to the arguments of the Island/Westview defendants, the documentary evidence failed to establish a default by the plaintiffs.

Initially, the plaintiffs' argument that the further agreements reached on December 5, 2005 are invalid by virtue of the violation of the prohibition against communication by one lawyer with the client of another(see Code of Professional Responsibility DR 7-104 [a] [1] [22 NYCRR 1200.35 (a) (1)]) is without merit. That proscription applies to a lawyer only "[d]uring the course of the representation of a client" (id.). Here, the person who made the allegedly offending communication, although a lawyer, was identified throughout the documents as the president of two of the contracting entities, not as their attorney. The documentary evidence established, therefore, that this disciplinary rule is not implicated.

Nevertheless, the December 5, 2005 agreements do not constitute documentary evidence sufficient to dismiss the complaint insofar as asserted against the Island/Westview defendants. The relevant language of each of those agreements provides that "the Purchaser shall extend the Closing Date . . . by paying to the Partnership $500,000 by wire transfer . . . no later than 3:00 p.m. on December 5, 2005 and by 5:00 p.m. on the same date providing evidence satisfactory to the Sellers in their reasonable business judgment that by December 16, 2005 Purchasers will have sufficient capital available from one or more lenders to be able to fulfil [sic] its financial obligations under the Agreements at Closing." There is no dispute that the plaintiffs neither paid the additional sum nor produced the required evidence. Even if the plaintiffs had paid, however, the agreements dated December 5, 2005 were not unequivocally effective to extend the closing date.

In the first instance, the agreements dated December 5, 2005 provide that the "purchaser" could extend the closing date by performing certain acts, not that the parties had agreed to extend the closing date. As a result, the requirement of payment by the "purchaser" is susceptible of being read as a condition precedent to the effectiveness of the December 5, 2005 agreements, as the respondents' transactional counsel in fact understood it at the time, rather than, as the respondents would have it now, an obligation that was breached by the plaintiffs' failure to pay. If the former, the agreements reached on December 5, 2005 never became effective and, consequently, cannot have been breached by the plaintiffs' failure to close on

December 16, 2005 as the respondents assert. Since a dismissal pursuant to CPLR 3211 (a) (1) cannot rest on an ambiguous document (*see Mendelovitz v Cohen,* 37 AD3d 670, 671 [2007]), the Island/Westview defendants' argument in this regard must be rejected at this stage of the litigation.

The respondents also failed to establish, at least at this stage of the litigation, that the plaintiffs defaulted by failing to close on November 30, 2005. Contrary to the argument of the Island/Westview defendants, the documentary evidence does not establish that the contracts in issue are option contracts requiring strict compliance and for which time is inherently of the essence (*see Richmond v Miele,* 30 AD3d 575 [2006]; *LaPonte v Dunn,* 17 AD3d 539 [2005]; *Mohring Enters. v HSBC Bank USA,* 291 AD2d 385 [2002]). Whether an agreement is an option contract or a bilateral contract is determined by reference to its various terms (*see T.I.P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263, 269-271 [1978]). Unlike the situation presented in *Ittleson v Barnett* (304 AD2d 526 [2003]), the language of the contracts between the parties here does not resolve that issue. As a result, the documentary evidence is not sufficient to establish that the contracts are option contracts.

Without concluding that the contracts are option contracts, the documentary evidence does not establish that the plaintiff defaulted by failing to close on November 30, 2005 (*cf. Fucarino v Tide Way Homes,* 306 AD2d 375 [2003]). Even if time had been properly made of the essence by the October 11, 2005 agreement, as the Island/Westview defendants argue, the documentary evidence does not establish the respondents' readiness and ability to close on November 30, 2005, as it must in order for them to prevail on their contention that the plaintiffs were in default at that time (*see Lawrence v Miller,* 86 NY 131 [1881]; *Nowak v Rametta,* 43 AD3d 1120, 1122 [2007]; *Gargano v Rubin,* 200 AD2d 554 [1994]). The plaintiffs' request for an adjournment of the closing was not, at least on this record, the unequivocal repudiation of the contracts necessary to constitute anticipatory repudiation (*see Norcon Power Partners v Niagara Mohawk Power Corp.,* 92 NY2d 458, 463 [1998]; *Tenavision, Inc. v Neuman,* 45 NY2d 145, 150 [1978]; *Engelhardt v McGinnis,* 2 AD3d 572, 573 [2003]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.,* 211 AD2d 262, 266 [1995]) that would absolve the respondents of the obligation to tender (*see Cooper v Bosse,* 85 AD2d 616, 618 [1981]; *Spero v Kobler,* 245 App Div 643, 645 [1935]).

The plaintiffs' remaining causes of action, however, were properly dismissed. The causes of action alleging tortious

interference with contract "are devoid of a factual basis and are vague and conclusory" (*Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.,* 28 AD3d 595, 595 [2006], quoting *Schuckman Realty v Marine Midland Bank,* 244 AD2d 400, 401 [1997]) and the documentary evidence conclusively established that no third party to the contracts intentionally procured any of the respondents to breach them (*see generally Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Fusco v Fusco,* 36 AD3d 589 [2007]). The causes of action alleging breach of the covenant of good faith and fair dealing, implied in every contract, were duplicative of the breach of contract causes of action (*see Pludeman v Northern Leasing Sys., Inc.,* 40 AD3d 366 [2007]; *Pier 59 Studios L.P. v Chelsea Piers L.P.,* 27 AD3d 217, 218 [2006]). The valid and express agreement between the parties with respect to the same subject matter precludes the causes of action alleging unjust enrichment and seeking recovery in quantum meruit (*see Goldman v Metropolitan Life Ins. Co.,* 5 NY3d 561 [2005]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382 [1987]; *Hawthorne Group v RRE Ventures,* 7 AD3d 320, 324 [2004]; *Commercial Tenant Servs. v First Union Natl. Bank,* 305 AD2d 210, 211 [2003]; *Kohn v Hartstein & Hartstein,* 294 AD2d 543 [2002]). This is not a case where some of the proceeds demanded were allegedly earned outside of the scope of the parties' written agreements (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d at 389) or there was a bona fide dispute as to the existence of an express contract (*see Hochman v LaRea,* 14 AD3d 653, 654-655 [2005]). Finally, the plaintiffs' causes of action alleging prima facie tort were properly dismissed because the complaint failed to allege special damages with the required specificity (*see Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143 [1985]; *DiSanto v Forsyth,* 258 AD2d 497, 498 [1999]) and the plaintiffs did not allege that disinterested malevolence was the sole motivation for the conduct of which they complain (*see EECP Ctrs. of Am. v Vasomedical, Inc.,* 265 AD2d 372 [1999]; *see generally Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333 [1983]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.