■ TOWN OF RIVERHEAD, Plaintiff, v HENRY B. SILVERMAN et al., Appellants, and WELLS CREEK HOME OWNER'S ASSOCIATION, INC., Respondent, et al., Defendant. [864 NYS2d 181]—

In an action, inter alia, to enforce an easement and for injunctive relief, the defendants Henry B. Silverman and Melissa Silverman appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 26, 2007, which granted the motion of the defendant Wells Creek Home Owner's Association, Inc., pursuant to CPLR 3211 (a) (1), to dismiss the cross claim asserted by them against that defendant.

Ordered that the order is affirmed, with costs.

In 1986 William J. Nohejl, Sr., obtained approval to subdivide land he owned in Aquebogue, located in the Town of Riverhead, into five lots. That year, he filed a declaration of covenants and restrictions (hereinafter the Declaration), dated December 3, 1986. In pertinent part, the Declaration provided for an easement connecting Peconic Bay Boulevard with Reeve's Creek, also known as Wells Creek, to benefit each of the subdivision lot owners, as well as for access to a floating dock and walkway in Wells Creek at the terminus of this easement. Following the commencement of this action, the defendants Henry B. Silverman and Melissa Silverman (hereinafter the appellants), who now own the parcel over which the easement runs and from which the dock extends into Wells Creek, interposed a cross claim against the defendant Wells Creek Home Owner's Association, Inc. (hereinafter the Association), seeking to quiet title to the dock, although they acknowledge the rights of the members of the Association to use and enjoy the dock. The Association moved to dismiss the cross claim pursuant to CPLR 3211 (a) (1).

To prevail on a motion to dismiss pursuant to CPLR 3211 (a) (1), the movant must demonstrate that " 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 893 [2008], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see HSBC Bank USA, N.A. v Decaudin*, 49 AD3d 694, 695 [2008]). "[D]ismissal pursuant to CPLR 3211 (a) (1) cannot rest on an ambiguous document" (*R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d at 895).

The Declaration set forth Nohejl's intention to reserve title to the dock to either convey it to a homeowners' association for the use and benefit of its membership, comprised of the owners of the plots of the subdivision, or, if that was not feasible for stated reasons, to dedicate or convey title in the dock to the Town of Riverhead. We note that the appellants are presumed to be on notice of the provisions of the Declaration, which is in their direct chain of title (*see Fairmont Funding v Stefansky*, 301 AD2d 562, 564 [2003]). By deed dated December 21, 1993, and a "correction quitclaim deed" dated December 21, 2004, Nohejl conveyed title to the dock to the Association. While Nohejl failed to comply with a provision in the Declaration that purported to require him to convey title to the dock to a homeowners' association within 60 days after the conveyance of the final parcel in the five-lot subdivision, this failure neither divested him of title to the dock nor resulted in the retroactive conveyance of the dock to the appellants' predecessors-in-interest in their capacity as owners of the land from which the dock extends. In this regard, we also note that no document in the appellants' chain of title expressly refers to the dock, or the conveyance thereof to them as grantees.

Since the documentary evidence submitted by the Association conclusively established that it owned the dock, and that the appellants had no ownership interest therein other than as members of the Association (insofar as they are members thereof), the Supreme Court properly granted the Association's motion to dismiss the cross claim asserted against it pursuant to CPLR 3211 (a) (1). Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur. [*See* 2007 NY Slip Op 31877(U).]