In the Matter of TIAJIANNA M. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONIQUE M. et al., Respondents. SHEILA SULLIVAN DICKINSON, Law Guardian, on Behalf of TIAJIANNA M., Appellant. [867 NYS2d 287]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 2, 2008 in a proceeding pursuant to Family Court Act article 10. The order denied that part of the motion of the Law Guardian for Tiajianna M. to preclude petitioner from interviewing Tiajianna M. without the consent of the Law Guardian or outside her presence, absent an emergency.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, the Law Guardian for the daughter (hereafter, child) of respondent mother appeals on the child's behalf from an order denying that part of the motion of the Law Guardian seeking to preclude petitioner from interviewing the child

without the consent of the Law Guardian or outside her presence, absent an emergency. Family Court denied the motion in part, determining that petitioner has the right to interview the child without notice to the Law Guardian and outside the presence of the Law Guardian for the sole purpose of ensuring the safety of the child and the other children residing in the home of respondents. The court granted the motion with respect to interviews of the child "that go beyond safety concerns." We affirm.

The record establishes that there were four prior indicated reports of neglect with respect to the child and her two older siblings that resulted in an adjudication of neglect against the mother and respondent Xavier M., the mother's boyfriend. Based on that prior adjudication, the mother was placed under the supervision of the court and petitioner until November 2006. The instant petition, dated December 6, 2006, included allegations that the mother and her boyfriend repeatedly bound the hands and ankles of one of the child's brothers and failed to address the suicide attempt of the child's other brother. All three children were removed from the home and placed in foster care, but Family Court subsequently granted the application of the Law Guardian for the child to return home.

The mother made a formal admission of neglect with respect to the three children and was granted a one-year adjournment in contemplation of dismissal (ACD). One of the conditions of the ACD was that the mother and her boyfriend would permit petitioner's caseworker to examine and interview the children "privately" both in and outside of the home. Although the Law Guardian agreed to the terms of the ACD, she subsequently moved for, inter alia, the relief that is the subject of this appeal.

"Section 1039 of the Family Court Act empowers the Family Court to grant an . . . [ACD] to a respondent in neglect or abuse proceedings . . . only . . . upon consent of all parties" (*Matter of Paul "X"*, 57 AD2d 216, 218 [1977]). The ACD may not exceed one year and "may include terms and conditions agreeable to the parties and to the court, provided that such terms and conditions shall include a requirement that the child and the respondent be under the supervision of a child protective agency during the adjournment period" (Family Ct Act § 1039 [c]). Although the child has a constitutional and statutory right to legal representation of her interests in the proceedings on a neglect petition (*see generally Matter of Jamie TT.*, 191 AD2d 132, 135-137 [1993]), we conclude that the court properly balanced that right against the statutory requirement that the child and the mother remain under petitioner's supervision during the period of the ACD.

Contrary to the contention of the Law Guardian, petitioner is not required by Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]) to notify her prior to interviewing the child, despite the fact that petitioner is aware that the child is represented by the Law Guardian. That disciplinary rule applies only to attorneys and thus does not apply to petitioner (*see generally R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 894 [2008]). In addition, DR 7-104 (a) (1) includes an exception where prior consent to otherwise prohibited communication is given by the represented party's attorney (*see* 22 NYCRR 1200.35 [a] [1]). Here, as previously noted, the Law Guardian agreed as a condition of the mother's ACD that petitioner's caseworker would be permitted to " 'examine the child[ren] and interview the child[ren] *privately* in the home and outside the home' " (emphasis added). We note in addition that the court restricted petitioner's scope of questioning to matters involving the safety of the child and would preclude, if appropriate, any statements made by the child that might be against her interest. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.