Rose, J.
Appeal from that part of an order of the Supreme Court (Mulvey, J.), entered June 13, 2007 in Tompkins County, *1075 which partially granted defendant’s motion to dismiss the complaint.
Plaintiff left a tenured position at another university to accept defendant’s written offer of “an appointment as Associate Professor with tenure.” The process to confirm plaintiffs tenure, however, was delayed and, ultimately, never completed. When plaintiff was then notified that her employment would be terminated, she commenced this action alleging, among other things, breach of contract. Defendant moved to dismiss the complaint, asserting a defense founded on documentary evidence (see CPLR 3211 [a] [1]). Agreeing with defendant that its written offer could not be read to guarantee tenure, Supreme Court granted defendant’s motion to the extent of dismissing plaintiffs breach of contract claim. Plaintiff now appeals.
On a motion pursuant to CPLR 3211 (a) (1), it is well settled that dismissal is warranted only if the documentary evidence conclusively establishes a defense and resolves every factual issue as a matter of law (see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 303 [2001]; Sanford v Colgate Univ., 36 AD3d 1060, 1061 [2007]; Ozdemir v Caithness Corp., 285 AD2d 961, 963 [2001], lv denied 97 NY2d 605 [2001]). Here, the issue raised by defendant’s motion is whether the written offer clearly and unambiguously establishes that plaintiff was not assured that her employment would be protected by tenure and, thus, she would have no claim for breach of contract. In determining whether a contract’s provisions are ambiguous, a court must determine as a matter of law whether they “lack a definite and precise meaning and provide a reasonable basis for a difference of opinion” (Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d 767, 770 [2008]; see CV Holdings, LLC v Artisan Advisors, LLC, 9 AD3d 654, 656 [2004]; Pozament Corp. v AES Westover, LLC, 27 AD3d 1000, 1001 [2006]). If a relevant ambiguity is found, then it cannot be said that the documentary evidence conclusively establishes a defense as a matter of law and a motion to dismiss on the basis of such evidence cannot be granted (see TVGA Eng’g, Surveying, P.C. v Gallick, 45 AD3d 1252, 1254-1255 [2007] ; Mendelovitz v Cohen, 37 AD3d 670, 670-671 [2007]; Venture Silicones, Inc. v General Élec. Co., 14 AD3d 924, 925 [2005]; cf. Town of Riverhead v Silverman, 54 AD3d 1025, 1026 [2008] ; Ozdemir v Caithness Corp., 285 AD2d at 964).
In the first sentence of the second paragraph of the writing at issue here, defendant clearly offers plaintiff an appointment as an associate professor with tenure. It is arguable, however, that the next paragraph describing the process for confirming tenure *1076 suggests a contrary conclusion. That is, the offer could be viewed not as a guarantee, but only a promise that defendant would process plaintiffs application for tenure. Since such a conclusion is inconsistent with both the initial offering language and a concluding sentence stating that defendant did not anticipate any problems with the tenure process, the contract resulting from plaintiffs acceptance of the offer is ambiguous as to tenure. Thus, the documentary evidence upon which defendant relies does not resolve every factual issue as to plaintiffs claim for breach of contract and its motion to dismiss should not have been granted (see e.g. Mendelovitz v Cohen, 37 AD3d at 671).
Mercure, J.B, Spain, Kane and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted defendant’s motion to dismiss; motion denied in its entirety; and, as so modified, affirmed.