■ In the Matter of CRISTELLA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondents. ROBERT C. MITCHELL, Attorney for the Children, Nonparty Appel-

lant; SHANNON C. et al., Nonparty Foster Parents. (Proceeding No. 1.) In the Matter of ELIZABETH B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. ROBERT C. MITCHELL, Attorney for the Children, Nonparty Appellant; SHANNON C. et al., Nonparty Foster Parents. (Proceeding No. 2.) In the Matter of JOSE B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. ROBERT C. MITCHELL, Attorney for the Children, Nonparty Appellant; SHANNON C. et al., Nonparty Foster Parents. (Proceeding No. 3.) [909 NYS2d 109]—

In three related child protective proceedings pursuant to Family Court Act article 10, the attorney for the children appeals from so much of an order of the Family Court, Suffolk County (Quinn, J.), dated November 13, 2009, as denied that branch of his motion which was to direct the Suffolk County Department of Social Services to refrain from interviewing the children concerning any issues beyond those related to safety, without 48 hours notice to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The three subject children have been in the custody of the Suffolk County Department of Social Services (hereinafter the DSS) since September 2006. In an order dated January 20, 2009, the Family Court, Suffolk County (Tarantino, J.), inter alia, in effect, approved the permanency goal of returning the children to their parents, and set a date for their return. The attorney for the children appealed, and by decision and order dated September 8, 2009, this Court reversed the order dated January 20, 2009, insofar as appealed from, and directed a new permanency hearing (*see Matter of Cristella B.*, 65 AD3d 1037 [2009]). Prior to the commencement of the new permanency hearing, the attorney for the children moved, inter alia, to direct the DSS to refrain from interviewing the children concerning any issues beyond those related to safety, without 48 hours notice to him. In support of this request, the attorney for the children

argued that since the agency had taken a position in conflict with the children's wishes at the previous hearing, allowing a DSS caseworker to interview the children without prior notification to her would deprive them of their right to counsel. The Family Court denied that branch of the motion of the attorney for the children which was to direct the DSS to refrain from interviewing the children on issues unrelated to safety without prior notification. The attorney for the children appeals, and we affirm.

We recognize that a child who is the subject of a neglect proceeding has a constitutional and statutory right to legal representation (see Family Ct Act §§ 241, 249; Matter of New York City Dept. of Social Servs. [Luz S.], 208 AD2d 746, 747 [1994]; Matter of Jamie TT., 191 AD2d 132, 135-137 [1993]). Moreover, rule 4.2 of the Rules of Professional Conduct (22 NYCRR 1200.0), which prohibits an attorney representing another party in the litigation from communicating with or causing another to communicate with the child without the prior consent of the attorney for the child, operates to protect the child's right to counsel (see Matter of Brian R., 48 AD3d 575, 576 [2008]; Matter of Marvin Q., 45 AD3d 852, 853 [2007]). However, rule 4.2 applies only to attorneys and, thus, neither prohibits a DSS caseworker from interviewing a child entrusted to the agency's care, nor justifies a significant restriction on the agency's access to the child by imposing a requirement that the caseworker notify the child's attorney before interviewing the child on issues unrelated to safety (see Matter of Tiajianna M., 55 AD3d 1321, 1323 [2008]).

Furthermore, the DSS has constitutional and statutory obligations toward children in its custody, which distinguishes the role of an agency caseworker from that of an attorney representing a parent or another party in a Family Court proceeding (see NY Const, art XVII, § 1; Palmer v Cuomo, 121 AD2d 194, 196 [1986]). Once a child is placed in foster care, through a designated agency such as DSS, the agency has a duty to conduct family assessments and to develop a plan of services "made in consultation with the family and each child over 10 years old, whenever possible" (18 NYCRR 428.6 [a] [1] [vii]; see Social Services Law § 409-e). Additionally, after the first 30 days of placement, a DSS caseworker is required to have monthly "face-to-face" contact with the child for the purpose of "assess[ing] the child's current safety and well being, to evaluate or re-evaluate the child's permanency needs and permanency goal, and to guide the child towards a course of action aimed at resolving problems of a social, emotional or developmental nature

that are contributing towards the reason(s) why such child is in foster care" (18 NYCRR 441.21 [c] [1]). Given this statutory and regulatory framework, DSS has a mandate to maintain regular communications with a child in foster care on a broad range of issues that go beyond the child's immediate health and safety. Accordingly, the Family Court properly denied that branch of the motion of the attorney for the children which was to direct the DSS to refrain from interviewing the subject children on issues unrelated to safety without prior notice to their attorney. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.