Karpovich v City of New York (2018 NY Slip Op 04706)





Karpovich v City of New York


2018 NY Slip Op 04706


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-05213
 (Index No. 518511/16)

[*1]Lyudmila Karpovich, respondent, 
v
City of New York, et al., defendants, Red Banana, LLC, appellant.


Howard W. Rachlin, Forest Hills, NY, for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Red Banana, LLC, appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 7, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Red Banana, LLC, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it is granted.
The plaintiff alleged that on December 8, 2015, she tripped and fell over a defective portion of a sidewalk located at "430 Stanley Avenue and/or known as 840 Alabama Avenue" in Brooklyn (hereinafter the premises). The plaintiff commenced this action against the defendant Red Banana, LLC (hereinafter the appellant), among others, alleging that the appellant, or one of the other two defendants, owned, operated, maintained, or controlled the premises.
Prior to answering the complaint, the appellant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, contending that it did not own, operate, maintain, or control the premises. In support of the motion, the appellant submitted, inter alia, an affidavit and certain deeds. The plaintiff opposed the motion, contending that she should be permitted to conduct discovery. In the order appealed from, the Supreme Court denied the motion, with leave to renew upon the completion of discovery.
"It is fundamental that, in order to be held liable in tort, the alleged tortfeasor must have owed the injured party a duty of care" (Forbes v Aaron, 81 AD3d 876, 877; see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584). Liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (see Kydd v Daarta Realty Corp., 60 AD3d 997, 998; Nappi v Incorporated Vil. of [*2]Lynbrook, 19 AD3d 565, 566).
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). To constitute " documentary'" evidence, the evidence must be "unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; see Phillips v Taco Bell Corp., 152 AD3d 806, 807), such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable (see Phillips v Taco Bell Corp., 152 AD3d at 807; Prott v Lewin & Baglio, LLP, 150 AD3d 908). Here, the appellant submitted deeds that conclusively established that it did not own the premises on the date that the plaintiff claims she was injured (see Forbes v Aaron, 81 AD3d at 877; Town of Riverhead v Silverman, 54 AD3d 1025, 1026).
CPLR 3211(d) provides that where it appears "that facts essential to justify opposition [to a motion pursuant to CPLR 3211] may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other order as may be just." However, the mere hope that discovery may reveal facts essential to justify opposition "does not warrant denial of the motion" (Cracolici v Shah, 127 AD3d 413, 413; see Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202; Mandel v Busch Entertainment Corp., 215 AD2d 455, 455; cf. Halmar Corp. v Hudson Founds., 212 AD2d 505, 506). Here, the plaintiff did not make a sufficient showing that facts essential to justify opposition to the appellant's motion could be yielded during discovery.
Accordingly, the Supreme Court should have granted the appellant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court