North Hudson Realty Corp. v Ecalp Corp. (2023 NY Slip Op 02850)

North Hudson Realty Corp. v Ecalp Corp.

2023 NY Slip Op 02850

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 159082/19 Appeal No. 340 Case No. 2022-02136 

[*1]North Hudson Realty Corp., Plaintiff-Respondent,
v
Ecalp Corp., Defendant-Appellant.

Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Cuomo LLC, Mineola (Oscar Michelen of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about October 13, 2021, which granted plaintiff North Hudson Realty Corp.'s motion for summary judgment to the extent it sought judgment on the cause of action for a declaratory judgment, denied defendant's cross-motion for summary judgment, and adjudged that defendant defaulted under the parties' contract of sale and that on the cause of action for breach of contract, the escrow agent was authorized to release to plaintiff defendant's $585,000 down payment, unanimously affirmed, without costs.
The parties entered into a contract of sale for a mixed-use building in Manhattan, with ground floor retail and apartments above. Prior to execution of the contract of sale, plaintiff afforded defendant a due diligence period, during which defendant was provided with property records, including all expense records, maintenance records, and leases in effect. Plaintiff also agreed to provide an authorization allowing DHCR to release to defendant rent registration records for relevant apartments. In the contract of sale, executed after this due diligence period, defendant represented in section 5.01(b) that it had "made such examination of the Premises, the Leases, the operation, income and expenses thereof and all other matters affecting or relating to this transaction as Purchaser deemed necessary or [] otherwise waived the right to do so." Similarly, in section 17.01, defendant represented that it "had completed all due diligence with respect to all matters relating to the Premises. . . and is fully satisfied with the results of such due diligence inspections."
After execution of the contract of sale, but before the closing, the New York State legislature passed the Housing Stability and Tenant Protection Act, which substantially increased a landlord's potential exposure to a rent overcharge claim. Defendant then demanded that plaintiff provide proof that capital improvements had been actually made to unit 3A, and that unit 3A therefore had been lawfully deregulated through "luxury deregulation." Plaintiff disputed defendant's right to additional documentation and defendant thereafter refused to close on the sale. 
Plaintiff established its prima facie entitlement to summary judgment by submitting evidence that it had satisfied the conditions precedent to the closing of the sale —that its representations and warranties regarding rent were accurate in all material respects — and thus that it was ready, willing, and able to close (see Engelhardt v McGinnis, 2 AD3d 572, 573 [2d Dept 2003]; cf. 3801 Review Realty LLC v Review Realty Co. LLC, 111 AD3d 509, 510 [1st Dept 2013]). Pursuant to sections 5.01(b) and 17.01 of the contract of sale, plaintiff was not required to provide additional, post-due diligence documentation to show that it had made qualifying renovations to unit 3A because defendant expressly waived any such requirement.
In any event, unless a contract for the sale of [*2]real property expressly provides otherwise, it is the buyer, not the seller, who bears the risk that a property's value "will be reduced by a change in the law between the execution of the contract and the closing" (Latipac Corp. v BMH Realty LLC, 93 AD3d 115, 125 [1st Dept 2012], lv dismissed 19 NY3d 1099 [2012]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023