■ DIANA PONZINI, Respondent, v CORNELIA H. GATZ, Appellant, et al., Defendants. (And a Third-Party Action.)—In an action, *inter alia,* for specific performance of an option to purchase real property, the defendant Cornelia H. Gatz appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered October 24, 1988, as denied her motion to dismiss the second cause of action sounding in fraud.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

On December 31, 1976, the appellant's children Patricia G. Kasold, Susan G. Kowalski, Pamela D. Gatz, and William A. Gatz were granted interests in 54.6 acres of vacant land situated in Riverhead, New York. On April 9, 1984, the appellant, her brother William G. Hubbard, Jr., and the plaintiff entered into a contract granting the plaintiff an option to purchase the subject premises. A clause in this contract stated: "The owners warrant they are the owners of the optioned real property and that they are entitled to execute this option affecting their ownership interest".

The plaintiff insists that this was a fraudulent representation, since the appellant did not have the right to convey that which she claimed she did. The appellant argues that the plaintiff was on constructive and actual notice that her children possessed interests in part of the subject premises, thereby precluding reliance upon her warranty. "If the facts represented are not peculiarly within the representor's knowledge and the other party has the means available to him of knowing by the exercise of ordinary intelligence the truth or

real quality of the subject of the representation he must make use of those means or he will not be heard to complain that he was induced to enter the transaction by misrepresentation" *(DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737, 738). In the instant case, the plaintiff's attorney acquired actual knowledge that the appellant's children had an interest in the property from conversations with the appellant to which he later referred in affidavits. Additionally, the plaintiff and her attorney had constructive notice of the children's ownership interests since a deed with this information was duly recorded in 1976. Thus, this information cannot be said to have been "peculiarly" within the knowledge of the appellant.

Finally, since the plaintiff's attorney knew of the possessory interests of the appellant's children, it was incumbent upon him to obtain a writing evidencing each child's intent to sell the real property, or authorizing their mother to sell it for them. "A contract to devise real property or establish a trust of real property, or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent" (General Obligations Law § 5-703 [3]). Furthermore, because the plaintiff and her attorney had an ample opportunity to confirm whether the appellant had a legal right to convey the subject premises, there is no necessity for a jury trial on the issue of the plaintiff's reliance *(see, Yurish v Sportini,* 123 AD2d 760). Rather, the plaintiff's alleged reliance upon the appellant's representations was unreasonable as a matter of law. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.