(June 18, 1990)

■ MIRIAM ALIRKAN et al., Appellants, v THELMA GARCIA, Respondent.—In an action for specific performance of a contract for the sale of real property and to recover damages for breach thereof, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), dated May 16, 1989, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) and thereupon dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff buyers entered into a contract to purchase the subject property from the defendant. The contract contained a mortgage contingency clause requiring the plaintiffs to obtain a firm mortgage commitment within a 45-day period. When the plaintiffs failed to do so, they mailed a letter within the three-day period allowed for giving notice, requesting an extension of the contingency clause or a cancellation of the contract. However, the letter was not received until one day after the cancellation period expired. The defendant informed the plaintiffs that she would treat the contract as being in full force and effect and made time of the essence, setting a closing

date approximately one month hence. The plaintiffs did not appear at the closing and the defendant retained the down payment as liquidated damages, treating the contract as null and void due to the plaintiff's default. The plaintiffs thereafter instituted this action. The defendant moved pursuant to CPLR 3211 (a) (1) and (7) for dismissal of the complaint, and the Supreme Court granted her motion. We affirm.

While the contract generally provided that notice could be given by hand or by mail, the mortgage contingency clause addressed the timeliness of the notice by providing that notice was to be delivered to the seller's attorney within three days after the expiration of the contingency period. It is clear that by using the term "delivers" the parties intended that notice was to be received within the three-day period. Were there any doubt regarding the contract interpretation of the term "delivers", the Court of Appeals has held that when a contract requires that written notice be given within a specified time, the notice is ineffective unless the writing is actually received within the time prescribed (*Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 378). Since the notice at bar was received one day after the three-day period had expired, that notice was ineffective. The plaintiffs' notice being ineffective to cancel the contract, the contract remained in full force and effect by its terms. The defendant then properly made time of the essence for closing by giving notice, a reasonable time for the plaintiffs to act, and a warning that failure to close on that date would result in default (*see, Ben Zev v Merman,* 73 NY2d 781). When the plaintiffs failed to appear at the scheduled closing, they were in default under the contract (*Ben Zev v Merman, supra*). The plaintiffs lost their right to seek specific performance or damages upon default (*see, Woodwork Display Corp. v Plagakis,* 137 AD2d 809, 814), and the defendant became entitled to keep the plaintiffs' down payment as liquidated damages (*see, Maxton Bldrs. v Lo Galbo, supra,* at 382). Thompson, J. P., Brown, Eiber and Miller, JJ., concur.