■ CHARLES R. WILLIS et al., Appellants, v MARY RONAN, as Executor of DANIEL E. RONAN, Deceased, Respondent. [670 NYS2d 875] —In an action to compel specific performance of a shareholders' agreement providing for the sale of shares of a closely-held corporation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated December 9, 1996, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Charles R. Willis and the defendant's decedent, Daniel E. Ronan, were the sole shareholders in the plaintiff Park Inn Ford, Inc. (hereinafter Park Inn). Their shareholders' agreement provided, *inter alia*, that upon Ronan's death, Willis had the right to purchase Ronan's one-third interest in the corporation "at the net worth value as determined by certified audit". Ronan died in March 1992.

In a letter dated July 28, 1992, Willis purportedly exercised his option to purchase Ronan's shares based on a "special statement" prepared by Park Inn's accountants. After the defendant rejected this offer because it was not based on a certified audit, Willis commenced an action for specific performance of the shareholders' agreement. In May 1994 the Supreme Court dismissed the complaint, and this Court affirmed that order and determined that Willis failed to unconditionally exercise his option in the letter dated July 28, 1992. Although Willis was not required to obtain a certified audit of Park Inn prior to the exercise of his option, this Court held that the letter was ineffective because Willis proposed to use a different method of determining the net worth value of the defendant's interest than the method specified in the shareholders' agreement (*see, Willis v Ronan*, 218 AD2d 794).

There is no evidence in the record that Willis acknowledged the need for a certified audit in the two years following the rejection of his offer, despite the plain language of the shareholders' agreement. In June 1994, a month after the Supreme Court dismissed his complaint, Willis informed the defendant that he would "if necessary" present a certified audit before any transfer of the defendant's shares to him. Finally, in August 1994 Willis informed the defendant that Park Inn's accountants would be instructed to conduct a certified audit as of August 31, 1994, and "to purchase the Estate's shares at

their 'net worth value' as of that date". Accordingly, over two years elapsed after Ronan's death before Willis unequivocally stated his intention to purchase the defendant's shares at a value to be determined by the method clearly specified in the shareholders' agreement. The certified audit was completed and presented to the defendant in April 1995. When the defendant failed to transfer the shares, Willis commenced the instant action for specific performance of the shareholders' agreement. The Supreme Court dismissed the complaint on the ground that Willis failed to properly exercise the option within a reasonable time after Ronan's death. We agree.

It is well established that the "optionee must exercise the option 'in accordance with its terms within the time and in the manner specified in the option'" (*Kaplan v Lippman*, 75 NY2d 320, 325, quoting 1 Williston, Contracts § 61B [3d ed 1957]). Where, as here, no time limit is set forth in the agreement, an option must be exercised within a reasonable time (*see, Savasta v 470 Newport Assocs.*, 180 AD2d 624, 626, *affd* 82 NY2d 763; *Miller v Duffy*, 162 AD2d 438, 439; *Eastern Shopping Ctrs. v Trenholm Motels*, 33 AD2d 930). Under the facts of this case (*see, Ben Zev v Merman*, 73 NY2d 781), we conclude that Willis failed to exercise his option to purchase the defendant's shares in accordance with the terms of the shareholders' agreement within a reasonable time, and therefore, Willis is not entitled to specific performance of the shareholders' agreement. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.