SOHEIL RAANAN et al., Appellants, v TOM'S TRIANGLE, INC., et al., Respondents. [758 NYS2d 343] —In an action for specific performance of a contract for the sale of real property and to recover damages for fraud, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Bucaria, J.), dated June 3, 2002, and (2) an order of the same court, entered July 12, 2002, which, upon the decision, granted the defendants' motion for summary judgment dismissing the complaint and vacated a notice of pendency filed against the subject real property.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

This action arises out of an option agreement between the plaintiff United Lease Management Corp. (hereinafter ULM) and the defendant Tom's Triangle, Inc. (hereinafter TTI), dated September 7, 1999, whereby TTI granted ULM an option to purchase certain real property. Contemporaneously with the execution of the option agreement, TTI and the plaintiff First Quality Leasing of America, Inc. (hereinafter First Quality) entered into a lease pursuant to which First Quality leased a portion of the subject property. Before the expiration of the option agreement, a preliminary injunction was issued against the subject property in an action commenced by Whitney Auto Works, Inc. (hereinafter WAW). WAW, TTI's tenant under a

lease dated September 1995, claimed it also had a right to purchase the subject property pursuant to an option in its lease. First Quality and TTI entered into an option modification and extension agreement to extend the expiration date of their option agreement pending the expiration, vacatur, or other termination of the preliminary injunction. The plaintiffs commenced this action when the defendants entered into a contract of sale to sell the subject property to WAW in settlement of the WAW action.

The defendants established their prima facie entitlement to judgment as a matter of law by asserting that the plaintiffs had not validly exercised their option (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The defendant George Jones, the president and owner of TTI, stated in his affidavit that the plaintiffs did not comply with the option agreement, as extended, having neither executed the agreed-upon contract of sale, nor tendered the down payment specified therein. Jones also asserted that the plaintiffs failed to satisfy the condition precedent to the exercise of the option insofar as First Quality was in default under its lease. It is well settled that one attempting to validly exercise an option to purchase real property must strictly adhere to the terms and conditions of the option agreement (*see O'Rourke v Carlton,* 286 AD2d 427 [2001]). In opposition, the plaintiffs failed to meet their burden of demonstrating the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Similarly, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' second cause of action to recover damages for fraud (*see Alvarez v Prospect Hosp., supra*). The plaintiffs alleged that the defendants fraudulently induced them to enter into the option agreement and the lease because the defendants had already given WAW an option to purchase the subject property. However, the defendants' efforts to dispute WAW's claim were evidence of their good-faith belief that WAW's option was unenforceable at the time they granted the option to the plaintiffs. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the elements necessary to sustain a cause of action to recover damages for fraud (*see Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119 [1969]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and vacating the notice of pendency.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.