■ PATRICE LAPONTE, Respondent, v BRIAN DUNN, Appellant. [793 NYS2d 493]—

In an action, inter alia, for specific performance of an option to purchase real property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated April 1, 2004, which, upon an order of the same court dated March 2, 2004, denying his motion for summary judgment dismissing the complaint and granting the plaintiff's cross motion for summary judgment, is in favor of the plaintiff and against him, directing the completion of the purchase of the subject premises.

Ordered that the judgment is affirmed, with costs.

The provisions of an option contract must be strictly complied with, in the manner and within the time specified (*see Ittleson v Barnett*, 304 AD2d 526, 528 [2003]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d 385 [2002]; *T.I.P. Holding No. 2 Corp. v Wicks*, 63 AD2d 263, 270 [1978]). Further, time is of the essence with respect to an option contract, as it must be exercised within a specified time (*see Ittleson v Barnett, supra* at 528).

The Supreme Court properly denied the defendant's motion for summary judgment and granted the plaintiff's cross motion for summary judgment. However, we affirm for reasons other than those set forth by the Supreme Court.

Contrary to the Supreme Court's determination that the plaintiff commenced this action for specific performance within a reasonable time after the expiration of the option period, we find that she timely exercised her option to purchase the subject premises. In fact, the defendant acknowledged in his reply affidavit that the plaintiff contacted him in February 2002, before the expiration of the option period, to request a contract of sale. The plaintiff timely exercised her option to purchase, and the option agreement did not set forth the terms or conditions within which to exercise the option (*cf. Mohring Enters. v HSBC Bank USA, supra*). Therefore, it was unnecessary for the Supreme Court to exercise its equity power to prevent a forfeiture, and the plaintiff did not forfeit her rights under the subject stipulation (*cf. J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392 [1977]). Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.