■ ERIC RICHMOND, Appellant, v JEAN G. MIELE et al., Respondents. [817 NYS2d 157]—

In an action, inter alia, to compel specific performance of an option to purchase certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 1, 2005, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purchase option at issue here required the plaintiff to give notice to the defendants of his intent to exercise the option not less than 90 days prior to the one-year anniversary date of the agreement. It further provided that the closing would take place within 60 days from the date of such notice, with "time being of the essence." The plaintiff promptly notified the defendants of his intent to exercise the purchase option by letter dated December 5, 2003. However, he failed to appear on the closing date of February 3, 2004.

The defendants provided the plaintiff with the opportunity to cure his default by rescheduling the closing date for February 6, 2004, but the plaintiff once again failed to appear. The defendants then notified the plaintiff that his purchase option had been extinguished. Thereafter, the plaintiff commenced this action seeking, inter alia, specific performance of the parties' agreement. The Supreme Court granted the defendants' motion to dismiss the complaint on the ground that the plaintiff had not come into court with clean hands. We affirm, but on different grounds.

"The general rule in regard to options is that the provisions of the contract must be complied with strictly, in the manner

and within the time specified" (*Ittleson v Barnett,* 304 AD2d 526, 528 [2003]). "Further, time is of the essence with respect to an option contract, as it must be exercised within a specified time" (*LaPonte v Dunn,* 17 AD3d 539, 539 [2005]). When the plaintiff failed to appear at either the originally scheduled closing on February 3, 2004, or for the rescheduled closing on February 6, 2004, he was in default under the contract (*see Grace v Nappa,* 46 NY2d 560, 565 [1979]; *New Colony Homes, Inc. v Long Is. Prop. Group, LLC,* 21 AD3d 1072, 1072-1073 [2005]; *Milad v Marcisak,* 307 AD2d 281, 281-282 [2003]; *Ittleson v Barnett, supra*). Consequently, the plaintiff lost his right to seek specific performance or damages (*see Alirkan v Garcia,* 162 AD3d 571, 572 [1990]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.