■ MICHELLE EY, Respondent, v THOMAS MECCA et al., Defendants, and ROSARIO CHIARELLI, Appellant. [839 NYS2d 103]— In an action to recover damages for personal injuries, the defendant Rosario Chiarelli, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 16, 2006, as, upon the separate motions of the defendant Thomas Mecca and the defendant Rosario Chiarelli for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), searched the record and awarded summary judgment in favor of the plaintiff and against the defendant Rosario Chiarelli on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

While the Supreme Court has the power to award summary judgment to a nonmoving party predicated upon a motion for that relief by another party (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]), it may do so only with respect to a cause of action or issue that is the subject of the motion before the court (*see State Farm Fire & Cas. Co. v Browne*, 12 AD3d 361 [2004]; *Aguirre v Castle Am. Constr.*, 278 AD2d 348 [2000]). Here, there was no motion before the Supreme Court for summary judgment on the issue of the appellant's vicarious liability to the plaintiff pursuant to Vehicle and Traffic Law § 388 (1). Therefore, the Supreme Court erred in searching the record and awarding the plaintiff summary judgment on the issue of the appellant's vicarious liability. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.