■ SHERWOOD KENDALL, Appellant, v BEVERLY BROWN KENDALL, Respondent. [843 NYS2d 679]—

In a matrimonial action in which the parties' marriage was annulled by judgment entered June 7, 2005, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated May 3, 2006, as denied that branch of his motion which was to enforce a provision of the parties' stipulation of settlement which required the defendant to place a marital investment property on the open market for sale.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to enforce the provision of the parties' stipulation of settlement which required the defendant to place the subject property on the open market for sale is granted.

The parties, former husband and wife, entered into a stipula-

tion of settlement which was incorporated into the court's judgment annulling their marriage. The stipulation gave the plaintiff the right to refinance the mortgage on a marital investment property, which was titled and mortgaged in the defendant's name. Upon such refinancing, the defendant agreed to transfer title of the property to the plaintiff. If the plaintiff failed to refinance the mortgage by April 30, 2005, the defendant was given the option of tendering to the plaintiff the sum of $220,000 by August 30, 2005, as his equitable distribution share in the property. In the event that the defendant failed to pay the plaintiff the sum of $220,000 by August 30, 2005, she was to place the property on the open market for sale and the net proceeds from the sale were to be paid to the plaintiff as equitable distribution.

After the plaintiff failed to refinance the mortgage by the date set forth in the stipulation, the defendant informed him that she would exercise her option. However, she did not pay the sum of $220,000 to the plaintiff by August 30, 2005. Further, she did not place the property on the open market for sale. Instead, on November 2, 2005, she forwarded a check to the plaintiff in the sum of $220,000. The plaintiff subsequently moved, inter alia, to enforce the provision of the stipulation that required the defendant to place the property on the open market for sale. The Supreme Court erred in denying that branch of the plaintiff's motion which was to enforce that provision of the stipulation.

"[A]n option contract must be strictly complied with, in the manner and within the time specified" (*LaPonte v Dunn*, 17 AD3d 539 [2005]; *see Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]; *O'Rourke v Carlton*, 286 AD2d 427 [2001]). The parties' stipulation gave the defendant the option of tendering to the plaintiff the sum of $220,000 as his equitable distribution share and specified that this was to be completed by a date certain. The defendant's failure to complete the same by the specified date was fatal to her rights under the agreement (*see Glucksman v Glucksman*, 264 AD2d 812, 812-813 [1999]).

The defendant contends that she was only required to comply with the terms of the stipulation within a reasonable time because the agreement did not contain a clause stating that time was of the essence. This contention is without merit as an option contract need not specify that "time is of the essence" because " it must be exercised within a specified time" (*LaPonte v Dunn*, 17 AD3d 539 [2005]).

Furthermore, contrary to the defendant's contention, the plaintiff did not waive his right to enforce strict compliance

with the stipulation nor did he consent, through his conduct, to the defendant's actions. "Although a party may waive his or her rights under an agreement or decree, waiver is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (*Peck v Peck*, 232 AD2d 540 [1996] [citations omitted]). Moreover, the agreement included a "no waiver" clause and required a written stipulation to alter the terms of the agreement (*see DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2002]; *Bethpage Theatre Co. v Shekel*, 133 AD2d 62, 63 [1987]). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.