■ EAST END CEMENT & STONE, INC., Doing Business as EAST END READY MIX, Respondent, v JOSEPHINE CARNEVALE et al., Appellants, et al., Defendant. [903 NYS2d 420]—

In an action, inter alia, to recover damages for fraud and breach of contract and for specific performance of an option to purchase real property, the defendants Josephine Carnevale, J.R.C. Land Company, LLC, and Speonk Materials Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 27, 2009, as denied that branch of their motion which was for summary judgment dismissing the first through fourth causes of action in the amended complaint insofar as asserted against them and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability insofar as asserted against them and, in effect, directed a trial on the issue of damages without further discovery.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability insofar as asserted against the defendants Josephine Carnevale, J.R.C. Land Company, LLC, and Speonk Materials Corp., and (2) by deleting the provision thereof denying that branch of the motion of the defendants Josephine Carnevale, J.R.C. Land Company, LLC, and Speonk Materials Corp. which was for summary judgment dismissing the first, second, and fourth causes of action in the amended complaint insofar as asserted against them and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.

The plaintiff alleged that the defendants Josephine Carnevale, J.R.C. Land Company, LLC, and Speonk Materials Corp. (hereinafter collectively the appellants) fraudulently induced it to enter into two agreements, a lease and an option to purchase certain real property, by inaccurately describing the property to include a 23-foot wide strip actually owned by the Village of

Westhampton Beach and by actively concealing their lack of ownership of that strip. The first and second causes of action of the amended complaint seek damages for fraud in connection with the lease and the option, respectively. In support of their motion for summary judgment dismissing those two causes of action, the appellants submitted evidence that an attorney representing the plaintiff prior to its signing of the subject lease and option agreements ordered and received a title report disclosing the title defect.

With respect to alleged misrepresentations, "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (*Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959] [internal quotation marks omitted]; *see Daly v Kochanowicz*, 67 AD3d 78, 91 [2009]; *Ponzini v Gatz*, 155 AD2d 590, 590-591 [1989]). Here, given the proof that the plaintiff's attorney had actual knowledge of the title defect, the plaintiff's reliance on the alleged misrepresentations was not reasonable or justified (*see Ponzini v Gatz*, 155 AD2d at 590-591). Accordingly, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the fraud causes of action insofar as asserted against them (*see Daly v Kochanowicz*, 67 AD3d at 91; *Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 592-593 [2008]; *Matos v Crimmins*, 40 AD3d 1053, 1054-1055 [2007]; *Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 469 [1995]; *Parkway Woods v Petco Enters.*, 201 AD2d 713 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact and, thus, the first and second causes of action should have been dismissed insofar as asserted against the appellants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Further, the appellants demonstrated their entitlement to judgment as a matter of law dismissing the fourth cause of action insofar as asserted against them, which was to recover damages for breach of the option agreement and for specific performance of that agreement after reforming it to reflect a diminution in value of the property. "An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date" (*Kaplan v Lippman*, 75 NY2d 320, 324 [1990] [internal quotation marks omitted]; *see Jarecki v Shung Moo Louie*, 95 NY2d 665, 668 [2001]). "It is well settled that in order to validly

exercise an option to purchase real property, the optionee must strictly adhere to the terms and conditions of the option agreement" (*D. A. D. Rest. v Anthony Operating Corp.*, 139 AD2d 485, 486 [1988]; *see Meccariello v Di Pasquale*, 35 AD3d 678, 679 [2006]; *Parker v Booker*, 33 AD3d 602, 602-603 [2006]; *Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]). Here, it is undisputed that the plaintiff failed to make payments as required under the agreement and, thus, the appellants were entitled to summary judgment dismissing the fourth cause of action insofar as asserted against them.

Under the third cause of action, the plaintiff sought to recover damages for the appellants' alleged breach of the lease by their failure to deliver the premises as required by its terms. The appellants contend that they were entitled to summary judgment dismissing that cause of action because it was premised upon the plaintiff's first cause of action to recover damages for fraud. Contrary to the appellants' contention, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether the appellants breached the lease by committing certain code violations on the property which allegedly predated the lease. Accordingly, triable issues of fact precluded the award of summary judgment to either party on the third cause of action.

Finally, as the appellants correctly contend, the Supreme Court should not have searched the record (*see* CPLR 3212 [b]) and awarded summary judgment to the plaintiff on the issue of liability on the fifth cause of action for a refund of the plaintiff's down payment under the option agreement, as this cause of action was not the subject of the appellants' motion. The "court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *see Whitman Realty Group, Inc. v Galano*, 52 AD3d 505, 506 [2008]; *Netjets, Inc. v Signature Flight Support, Inc.*, 43 AD3d 1014, 1016 [2007]; *Ey v Mecca*, 41 AD3d 534 [2007]). Accordingly, the Supreme Court improperly awarded the plaintiff summary judgment on the issue of liability on the fifth cause of action insofar as asserted against the appellants.

In light of our determination, the appellants' contention that the Supreme Court improperly denied their right to discovery prior to the trial on the issue of damages has been rendered academic.

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.