In an action, in effect, for a judgment declaring that the plaintiff effectively exercised an option set forth in a stipulation of settlement, for specific performance of that stipulation of settlement, and to recover damages for breach of contract, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated March 1, 2011, as denied those branches of his motion which were, in effect, for summary judgment declaring that he effectively exercised his option contained in the stipulation of settlement to purchase an interest in a certain limited liability company and on the cause of action for specific performance of the stipulation of settlement, and granted that branch of the defendants’ cross motion which was, in effect, for summary judgment dismissing the second and third causes of action and declaring that he did not effectively exercise his option, and the defendants cross-appeal from the same order.
Ordered that the cross appeal is dismissed as abandoned; and it is further,
Ordered that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the plaintiff did not effectively exercise his option set forth in the stipulation of settlement to purchase an interest in the subject limited liability company; and it is further,
Ordered that one bill of costs is awarded to the defendants.
Eursuant to a stipulation of settlement, the owners of certain condominium units were granted an option to purchase an ownership interest in a particular limited liability company. The stipulation of settlement required a unit owner exercising his or her option to, among other things, make the requisite payment to the defendant Foot of Main, LLC, by a particular date. The stipulation of settlement also provided that it could “not be modified . . . unless executed by all parties in writing.”
The plaintiff, an owner of one of the condominium units, attempted to exercise his option. However, he tendered the requisite payment after the date the payment was due. When the payment was rejected as untimely, he commenced this ac *798 tion, seeking, inter alia, in effect, a judgment declaring that he effectively exercised his option, and specific performance of the option.
The defendants demonstrated their entitlement to judgment as a matter of law by establishing, prima facie, that the plaintiff failed to exercise his option in accordance with the terms of the stipulation of settlement (see Mohring Enters. v HSBC Bank USA, 291 AD2d 385 [2002]; cf. Kendall v Kendall, 44 AD3d 827, 828 [2007]; Marino v Marino, 140 AD2d 499, 499-500 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants waived the right to enforce the stipulation of settlement’s requirement that the requisite payment be made by a particular date (cf. Kendall v Kendall, 44 AD3d at 828-829). Accordingly, the Supreme Court properly granted those branches of the defendants’ cross motion which were, in effect, for summary judgment dismissing the second cause of action, which sought the specific performance of the stipulation of settlement, and the third cause of action, which was to recover damages for breach of contract, and declaring that the plaintiff did not effectively exercise his option.
The plaintiffs remaining contentions are without merit.
The cross appeal must be dismissed as abandoned (see Sirma v Beach, 59 AD3d 611, 614 [2009]), as the brief filed by the defendants does not seek reversal or modification of any portion of the order.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the plaintiff did not effectively exercise his option, as set forth in the subject stipulation of settlement (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.