■ IPE ASSET MANAGEMENT, LLC, Respondent, v FAIRVIEW BLOCK AND SUPPLY CORP., Formerly Known as FAIRVIEW BLOCK COMPANY, et al., Appellants. [999 NYS2d 465]—

In an action, inter alia, for specific performance of a certain provision of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 19, 2012, as, upon reargument, adhered to so much of an original determination in an order of the same court dated June 13, 2012, as granted the plaintiff's motion for summary judgment on the cause of action for specific performance and denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the order dated November 19, 2012, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated June 13, 2012, as granted the plaintiff's motion for summary judgment on the cause of action for specific performance, and substituting therefor a provision, upon reargument, vacating that portion of the original determination and, thereupon, denying the plaintiff's motion; as so modified, the order dated November 19, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, as purchaser, and the defendant Fairview Block and Supply Corp., formerly known as Fairview Block Company (hereinafter Fairview), as seller, entered into a contract dated June 24, 2005, for the sale of an undeveloped parcel of real property in the Town of LaGrange, Dutchess County, for a purchase price of $600,000. Section 8 (a) of a rider to the contract provided that, if Fairview failed to obtain rezoning and subdivision approvals for the property for a certain number of "units" within 15 months of closing, the plaintiff, upon the expiration of the 15-month period, with 10 business days' written notice to Fairview, "may" sell the property back to Fairview for the $600,000 contract price. In a second rider to the contract, Fairview's president, the defendant Arthur Ackert, Sr., personally guaranteed performance of all terms and conditions of the contract, rider, and second rider. A closing took place on June 30, 2005, and it is undisputed that no zoning or subdivision approvals were obtained thereafter. In November 2010, and again in December 2010, the plaintiff notified Fairview that it wished to sell the property back to Fairview for the contract price. Fairview's attorney responded that the plaintiff's time to exercise that right had expired. By letter dated September 15, 2011, the plaintiff set a closing date of October 3, 2011. When Fairview failed to attend the scheduled closing, the plaintiff, by letter dated October 4, 2011, set a new closing date of October 20, 2011, time of the essence.

After Fairview failed to appear for the second scheduled closing, the plaintiff commenced this action against Fairview and Ackert, Sr., seeking specific performance of its right under section 8 (a) of the rider to have Fairview purchase the property for the contract price, and to recover damages for breach of contract. The plaintiff moved for summary judgment on the cause of action for specific performance, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants moved for leave to reargue, and the court, upon reargument, adhered to its original determination. The court rejected the defendants' contention, in effect, that section 8 (a) of the rider to the contract was an option contract, and that the option had not been timely exercised.

An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase—or, less commonly, to sell—at a later date (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 668 [2001]; *Kaplan v Lippman*, 75 NY2d 320, 324 [1990]; *East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 975 [2010]; *Singh v Atakhanian*, 31 AD3d 425, 426 [2006]; *Ittleson v Barnett*, 304 AD2d 526, 528 [2003]; *see also* 10-101 Warren's Weed, New York Real Property § 101.01 [1] [2014]). Whether an agreement is an option contract or a bilateral contract is determined by reference to its various terms (*see R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 895 [2008]; *T.I.P. Holding No. 2 Corp. v Wicks*, 63 AD2d 263, 269-271 [1978]).

Here, as the defendants correctly contend, section 8 (a) of the rider to the subject contract giving the plaintiff the right to sell the property back to Fairview if Fairview failed to obtain certain rezoning and subdivision approvals was an option contract, as it conferred upon the plaintiff the right to sell the property back to Fairview at a later date.

However, in order for there to be an enforceable contract for the sale of land upon which an action for specific performance can be based, an optionee must exercise an option in accordance with its terms, within the time and the manner specified in the option (*see Kaplan v Lippman*, 75 NY2d at 325; *Pacific Dean Realty, LLC v Specific St., LLC*, 105 AD3d 827, 828 [2013]; *East End Cement & Stone, Inc. v Carnevale*, 73 AD3d at 975-976; *Richmond v Miele*, 30 AD3d 575, 575-576 [2006]; *Ittleson v Barnett*, 304 AD2d at 528; *Willis v Ronan*, 249 AD2d 299, 300 [1998]).

Here, the plaintiff interprets the option contained in section 8

(a) of the rider as providing it with an open-ended right to exercise same, and the Supreme Court agreed. The defendants, however, interpret the same provision as limiting the plaintiff's time to exercise the option to "a reasonable time" after the expiration of the aforementioned 15-month period in which to obtain the specified rezoning and subdivision approvals, and contend that the plaintiff failed to timely exercise its rights.

"Contract language which is clear and unambiguous must be enforced according to its terms" (*Manzi Homes, Inc. v Mooney*, 29 AD3d 748, 749 [2006], citing *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). However, ambiguity in a written agreement exists if there is more than one reasonable interpretation of the language at issue (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). The test for determining whether contract language is ambiguous is "whether the agreement on its face is reasonably susceptible of more than one interpretation" (*id.*). Whether an agreement is ambiguous is a question of law to be resolved by the court (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162). Here, we conclude that section 8 (a) of the rider is ambiguous and subject to more than one interpretation regarding the time within which the plaintiff had to exercise the option. Since a triable issue of fact exists as to the intention of the parties, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the cause of action for specific performance (*see Siegel v Golub*, 286 AD2d 489, 489 [2001]).

The parties' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.