■ MARC COMITO, Respondent, v FOOT OF MAIN, LLC, et al., Appellants. [7 NYS3d 166]—

In an action, inter alia, for specific performance of a stipulation of settlement, the defendants appeal from (1) so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated December 7, 2012, as denied that branch of their motion which was for an award of an attorney's fee, and (2) so much of a judgment of the same court (Loehr, J.) dated February 7, 2013, as, upon the order, failed to award them an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Two prior actions involving a condominium complex in Nyack were settled through a stipulation of settlement (hereinafter the stipulation). The parties to the stipulation included the condominium's board of managers, individually and on behalf of 43 condominium unit owners, and the defendants in this action. The stipulation provided for a payment of $930,000 to the board of managers, which was to be distributed to the unit owners pursuant to the board's directives. The stipulation also provided an option for unit owners to purchase an ownership

interest in a certain single purpose LLC and thereby share in a portion of the profits realized once that LLC developed and sold condominiums in a subsequent phase of the condominium development. In order to exercise the option, a unit owner was required to give notice in writing that he or she would exercise the option and then, within a certain time period, pay an amount equal to his or her distributive share of the $930,000. The plaintiff, one of the unit owners, notified the condominium that he intended to exercise his option. However, he did not make the payment within the specified time period. Therefore, the payment was rejected.

The plaintiff thereafter commenced this action against the defendants seeking a judgment declaring that he effectively exercised his option, and specific performance of the stipulation. In an order dated March 1, 2011, the Supreme Court denied those branches of the plaintiff's motion which were, in effect, for summary judgment declaring that he effectively exercised his option and on the cause of action for specific performance, and granted that branch of the defendants' cross motion which was, in effect, for summary judgment declaring that the plaintiff did not effectively exercise his option and dismissing the other causes of action. The court concluded that the plaintiff had failed to exercise his option in accordance with the terms of the stipulation since he did not make the payment within the required time period. The plaintiff appealed, and the order was affirmed, insofar as appealed from, by this Court (*see Comito v Foot of Main, LLC*, 96 AD3d 797 [2012]).

Thereafter, the defendants moved, inter alia, for an award of an attorney's fee pursuant to a provision of the stipulation which provided that in the event that a court of law "determined" that one of the parties "violated [the] Stipulation," the unsuccessful party would pay the costs, expenses, and legal fees of the successful party. The Supreme Court denied that branch of the defendants' motion, concluding that the plaintiff's failure to exercise his option did not constitute a violation of the stipulation.

The Supreme Court correctly determined that the attorney fee provision of the stipulation was not triggered by the court's conclusion that the plaintiff failed to exercise his option. Concluding that the attorney's fee provision was not a "prevailing party" provision, the court determined that it had not found that the plaintiff violated the stipulation so as to trigger this provision of the stipulation (*see Kendall v Kendall*, 44 AD3d 827, 828 [2007]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d 385 [2002]; *cf. Etzion v Etzion*, 62 AD3d 646, 652 [2009]).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for an award of an attorney's fee. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.