■ CANTALUPO CONSTRUCTION CORP., Appellant, v 2319 RICH-MOND TERRACE CORP., Respondent, et al., Defendants. [35 NYS3d 439]—

In an action for specific performance of a contract, which was consolidated with a summary proceeding, inter alia, to recover possession of real property based on the nonpayment of rent, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Dollard, J.), dated March 26, 2014, which,

upon a decision dated February 20, 2014, made after a nonjury trial, inter alia, is in favor of the defendant 2319 Richmond Terrace Corp. and against it dismissing the complaint insofar as asserted against that defendant, and in the principal sum of $1,375,000 on that defendant's claims for rent and use and occupancy in the summary proceeding.

Ordered that the judgment is affirmed, with costs.

On October 31, 2002, the plaintiff entered into an agreement with the defendant 2319 Richmond Terrace Corp. (hereinafter the Owner) to lease certain real property from the Owner. The lease was accompanied by an option contract giving the plaintiff an option, for a period of three years, to purchase the subject property for the sum of $1,400,000. In December 2005, the plaintiff and the Owner entered into an agreement to, inter alia, extend the plaintiff's option to purchase to November 1, 2006, with the condition that the plaintiff must close on the property by December 31, 2006. On February 13, 2007, the plaintiff and the Owner entered into an agreement, among other things, providing that the plaintiff would exercise its option to purchase, and extending the deadline for closing to within 30 days after an agreement was reached with the New York State Department of Environmental Conservation (hereinafter the DEC) regarding certain environmental issues involving the subject property. The February 13, 2007 agreement also provided that the closing must occur "no later than August 1, 2007," and that if an agreement was not reached with the DEC by that date, the plaintiff would have "the right to renegotiate the terms of the sale."

In November 2010, the Owner commenced a summary nonpayment proceeding in the Civil Court, Richmond County, to evict the plaintiff from the property and for a money judgment for unpaid rent and use and occupancy. In February 2011, the plaintiff commenced this action for specific performance of its option to purchase the property. On a prior appeal, this Court granted the plaintiff's motion to remove the summary nonpayment proceeding to the Supreme Court, Richmond County, and to consolidate that proceeding with this action (see *Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp.*, 96 AD3d 706 [2012]).

Following a nonjury trial, the Supreme Court found that the plaintiff was not entitled to specific performance of the option to purchase, and that the Owner was entitled to, inter alia, a money judgment for unpaid rent and use and occupancy. In a judgment dated March 26, 2014, the Supreme Court, among other things, dismissed the complaint insofar as asserted

against the Owner and awarded the Owner the principal sum of $1,375,000 on its claims in the summary nonpayment proceeding for unpaid rent and use and occupancy.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Contrary to the plaintiff's contention, the Supreme Court correctly determined that it was not entitled to specific performance of the option to purchase the subject property. "[I]n order for there to be an enforceable contract for the sale of land upon which an action for specific performance can be based, an optionee must exercise an option in accordance with its terms, within the time and the manner specified in the option" (*IPE Asset Mgt., LLC v Fairview Block & Supply Corp.*, 123 AD3d 883, 885 [2014]; *see Singh v Atakhanian*, 31 AD3d 425, 426 [2006]). Here, the final written agreement between the plaintiff and the Owner to extend the deadline for closing provided that closing must occur "no later than August 1, 2007," after which the plaintiff had only "the right to renegotiate the terms of the sale." At trial, the evidence demonstrated that the plaintiff did not exercise the option within the time specified in the extension agreement dated February 13, 2007, or thereafter renegotiate a further extension of the time for closing, which precludes its entitlement to specific performance of the option (*see Comito v Foot of Main, LLC*, 96 AD3d 797, 798 [2012]; *Bey v Maratea*, 5 AD3d 713 [2004]; *Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d 385 [2002]).

Furthermore, contrary to the plaintiff's contention, the record does not support a determination that the Owner, through its conduct, waived its right to enforce strict compliance with the time specified to exercise the option (*see Comito v Foot of Main, LLC*, 96 AD3d at 798). Moreover, the option contract provided that "[n]either this contract nor any provision thereof may be waived, changed or cancelled except in writing" (*see Kendall v Kendall*, 44 AD3d 827, 829 [2007]).

The plaintiff's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly, inter alia, dis-

missed the complaint insofar as asserted against the Owner and awarded the Owner the principal sum of $1,375,000. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.