Breslin v Frankel (2018 NY Slip Op 08456)





Breslin v Frankel


2018 NY Slip Op 08456


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2018-01019
2018-04040
 (Index No. 606048/17)

[*1]Kenneth Breslin, etc., et al., appellants,
v
Wendy Frankel, et al., respondents.


Rosenberg Calica & Birney, LLP, Garden City, NY (Robert M. Calica of counsel), for appellants.
Storch Amini, P.C., New York, NY (Bijan Amini of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring the parties' respective rights under an agreement executed on December 6, 1995, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered November 30, 2017, and (2) an order of the same court entered March 20, 2018. The order entered November 30, 2017, inter alia, granted the defendants' motion pursuant to CPLR 3211(a) to the extent of determining that the defendants were entitled to a judgment declaring that an option to purchase certain assets is no longer enforceable. The order entered March 20, 2018, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order entered November 30, 2017.
ORDERED that the appeal from the order entered November 30, 2017, is dismissed, as that order was superseded by the order entered March 20, 2018, made upon renewal and reargument; and it is further,
ORDERED that the order entered March 20, 2018, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the subject option to purchase is no longer enforceable; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
Robert Frankel (hereinafter the decedent) jointly owned and operated a number of real estate ventures with Wilbur Breslin (hereinafter Breslin). At the time of the decedent's death in April 1995, some underlying properties were income-producing, but others were vacant or in financial distress. The partners had amassed approximately $100 million in personally-guaranteed debt tied to those joint assets.
The decedent's will essentially bequeathed the residuary of his estate in equal shares to the decedent's three children (hereinafter collectively the Frankel children). The Frankel children, Breslin, and other interested parties subsequently executed a series of agreements in late 1995 in an [*2]effort to resolve certain probate issues. The Frankel children, in effect, agreed to sell a portion of their beneficial interest in the residuary of the decedent's estate to Breslin's son, the plaintiff Kenneth Breslin. To accomplish this, the Frankel children transferred their interests in the estate to the newly-formed Weary Realty, LLC (hereinafter Weary), in exchange for interests in Weary. In an agreement executed on December 6, 1995, the Frankel children then sold a 40% interest in Weary to Kenneth for approximately $3 million, and gave Kenneth an option to purchase the remaining 60% for $2.5 million "on or after" three years from the date of execution of the agreement. At some later point, Kenneth transferred a portion of his interest to his sister, the plaintiff Karen Cooper Hess.
The plaintiffs commenced this action in June 2017. In their complaint, they sought a judgment, inter alia, declaring that the option to purchase is enforceable against the two surviving Frankel children and the personal representative of the third as defendants. The defendants thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiffs cross-moved for declaratory relief in their favor. In an order entered November 30, 2017, the Supreme Court granted the defendants' motion to dismiss the complaint to the extent of determining that the defendants were entitled to a judgment declaring that the option to purchase is no longer enforceable, and denied the plaintiffs' cross motion, concluding that Kenneth had failed to exercise the option within a reasonable period of time. In a subsequent order entered March 20, 2018, made upon renewal and reargument, the court adhered to its determination in the order entered November 30, 2017. The plaintiffs appeal from both orders.
"Upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]'" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890, quoting Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [internal quotation marks omitted]). "Under such circumstances, the motion to dismiss . . . for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly'" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d at 890, quoting Siegel, NY Prac § 440 at 770 [5th ed 2011]; see Minovici v Belkin BV, 109 AD3d 520, 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728).
An option contract is an agreement, in exchange for consideration, to hold an offer open, thereby conferring upon the optionee the right to purchase at a later date (see Jarecki v Shung Moo Louie, 95 NY2d 665, 668; IPE Asset Mgt., LLC v Fairview Block & Supply Corp., 123 AD3d 883, 885). Where, as in this case, an agreement sets no explicit time limit for performance, the law will imply a reasonable time (see Savasta v 470 Newport Assoc., 82 NY2d 763, 765; Camelot of Staten Is., Inc. v Metropolitan Mgt., LLC, 56 AD3d 505, 506; Meccariello v Di Pasquale, 35 AD3d 678, 679; Willis v Ronan, 249 AD2d 299, 300). In determining what constitutes a reasonable time, the court should consider the nature and object of the agreement, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either party, and the number of days provided for performance, if specified (see generally Ben Zev v Merman, 73 NY2d 781, 783; Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388; see also Eastern Shopping Ctr. v Trenholm Motels, 33 AD2d 930, 931-932).
We agree with the Supreme Court's determination that the defendants were entitled to a declaration in their favor. The nature of the agreement, the potential prejudice to the defendants, and Kenneth's questionable conduct in attempting to exercise the option while failing to perform his managerial obligations to wind down Weary's affairs following one or more events triggering its dissolution, establish that Kenneth's 19-year delay in attempting to exercise the option was unreasonable as a matter of law. Accordingly, upon renewal and reargument, the court correctly adhered to its prior determination granting the defendants' motion pursuant to CPLR 3211(a) to the extent of determining that the defendants were entitled to a judgment declaring that the option to purchase is no longer enforceable, and denying the plaintiffs' cross motion for a declaration in their favor.
In light of the foregoing determination, we do not reach the parties' remaining contentions.
Since this a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the subject option to purchase is no longer enforceable (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court