24-165-cv
Up State Tower Co. v. Southline Little League, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

PRESENT: ROBERT D. SACK,
　　　　　GERARD E. LYNCH,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UP STATE TOWER CO., LLC, BUFFALO LAKE
ERIE WIRELESS SYSTEMS, CO. LLC,

　　　　　*Plaintiffs-Counter-Defendants-Appellants*,

　　　v.　　　　　　　　　　　　　　　　　　　No. 24-165-cv

TOWN OF CHEEKTOWAGA, TOWN BOARD
OF TOWN OF CHEEKTOWAGA,

　　　　　*Defendants*,

　　　v.

SOUTHLINE LITTLE LEAGUE, INC. F/K/A
SOUTHLINE ATHLETIC ASSOCIATION,

*Third-Party Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANTS:                    JON P. DEVENDORF, Barclay
                                   Damon LLP, Syracuse, NY

FOR APPELLEE:                      JOHN A. MANCUSO (Lauren
                                   Baron, *on the brief*), Mancuso
                                   Brightman PLLC, Rochester,
                                   NY

Appeal from a judgment of the United States District Court for the

Western District of New York (Geoffrey W. Crawford, *Judge*).*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs Up State Tower Co., LLC and Buffalo-Lake Erie Wireless Systems

Co., LLC (collectively "Up State") appeal from a December 19, 2023 judgment of

the United States District Court for the Western District of New York (Crawford,

*J.*) denying Up State's summary judgment motions and granting the summary

---

* Judge Geoffrey W. Crawford, of the United States District Court for the District of
Vermont, by designation.

judgment motions of Southline Little League, Inc. ("Southline") to dismiss Up State's crossclaims against Southline for breach of contract, fraud, and indemnification. Up State also appeals the District Court's award of attorney's fees to Southline. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Southline, a Little League organization comprised of parents and others interested in youth sports, owns a ball field and athletic facilities. The deed to the property includes a restrictive covenant limiting the use of the property to recreational activities. In 2016, Up State signed a lease with Southline to build a cell tower on the property with the intent of serving the Town of Cheektowaga and the surrounding area. Up State then applied to Cheektowaga for the necessary permits. Cheektowaga denied Up State's application, citing, among other things, the restrictive covenant in Southline's deed limiting use of the property to "recreational purposes." App'x 185. Up State then initiated this action against Cheektowaga. After an intervenor brought claims against Up State and Southline to enforce the restrictive covenant in the deed, Up State and Southline filed crossclaims against each other. The District Court first dismissed

all claims involving other parties and then granted summary judgment for Southline against Up State.

"We review the District Court's grant of summary judgment *de novo*, construing all evidence in the light most favorable to the non-moving party." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016). We will affirm a grant of summary judgment if "there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see* Fed. R. Civ. P. 56(a).

## I. Breach of Contract

A breach of contract claim under New York law has four elements: "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). As to breach, Up State points to the lease's quiet enjoyment provision, in which Southline promised that the property is free of any encumbrances "other than any which don't interfere with [Up State's] use of the Premises and the Easements." App'x 64.27. As to damages, Up State claims only the attorney's fees it incurred in preparing its permitting application and throughout the present litigation. The District Court determined that the attorney's fees Up State claims are consequential damages. And because the

4

lease contains an express waiver of consequential damages, the District Court

dismissed the breach of contract claim.

On appeal, Up State argues that its attorney's fees are general damages,

not consequential damages, and therefore not barred by the waiver. We

disagree. New York law distinguishes "general damages which are the natural

and probable consequence of the breach" from "[s]pecial, or consequential

damages, which do not so directly flow from the breach." *Bi-Econ. Mkt., Inc. v.*

*Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 192 (2008) (quotation marks omitted).

Consequential damages compensate a plaintiff for additional losses, other than

the value of the promised performance, incurred as a result of the breach.

*Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir. 2000). The breaching party may

be liable for consequential damages only if those damages are "reasonably

contemplated by the parties" at the time of contracting. *Bi-Econ.*, 10 N.Y.3d at

193. Up State argues that it was reasonably foreseeable that, under the

circumstances of the lease, it would suffer damages by "vigorously pursu[ing]"

its telecommunications project, including through litigation, in reliance on

Southline's representations that the property was free of encumbrances.

Appellants' Br. 25. But this argument both ignores the fact that Up State

5

expressly waived its right to recover consequential damages in the lease and supports the District Court's conclusion that Up State sought only consequential damages.

Because Up State waived its right to consequential damages, it could recover only general damages. As the District Court explained, general damages are limited to what "a reasonable person, not possessing special information about the parties' plans," would have anticipated. Spec. App'x 11. In this case, where Up State had the right to unilaterally withdraw from the lease if it could not secure the necessary permits, we agree with the District Court that no reasonable person would have anticipated Up State's extensive litigation as a "natural and probable consequence" of an alleged breach. *Bi-Econ.*, 10 N.Y.3d at 192 (quotation marks omitted). Because Up State failed to establish damages, the District Court correctly dismissed its breach of contract claim.

## II. Fraud

Up State also challenges the District Court's grant of summary judgment in favor of Southline as to Up State's fraud claim. To prevail on that claim, Up State had to show that it reasonably relied on Southline's materially false representation. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d

6

13, 19 (2d Cir. 1996). Up State argues that it was reasonable for it to rely on Southline's representations that its property was free of encumbrances that would interfere with constructing a cell tower because Southline should have been more familiar with the effect of the restrictive covenant on use of the property. We are not persuaded. Don Carpenter, Up State's agent, reviewed a copy of the property deed, including the restrictive covenant. So "the facts represented [we]re not peculiarly within [Southline's] knowledge[,] and [Up State] ha[d] the means available" — and indeed used those means — to know "the truth or real quality of the subject of the representation." *Ponzini v. Gatz*, 548 N.Y.S.2d 36, 37 (2d Dep't 1989) (quotation marks omitted). The restrictive covenant unambiguously conflicts with Up State's proposed use of the property. Accordingly, Up State had clear notice that the lease was inconsistent with the restrictive covenant and thus could not have reasonably relied on Southline's contrary representation in the lease.

## III. Indemnification

Paragraph 14 of the lease agreement provides that either party has the right to indemnification for losses caused by either "acts or omissions in operations or activities on the Property," or "a breach by the indemnifying

7

party."   App'x 64.26.   Up State contends that the first condition is ambiguous and that this ambiguity should be resolved in its favor.   We disagree.   The District Court correctly determined that the first condition does not apply because "[t]here have been no operations or activities on the property."   Spec. App'x 14.   As for the second condition, Up State's only claimed damages from the contractual breach are the attorney's fees it incurred.   As discussed above, however, those fees do not establish damages to which Up State is entitled under the terms of the parties' lease.

## IV.   Attorney's Fees

We also reject Up State's challenge to the District Court's award of attorney's fees to Southline.   Paragraph 23 of the lease provides that "[i]f a dispute arises out of this Lease, then the prevailing party will be entitled to actual attorney's fees and costs."   App'x 64.28.   Under New York law, reasonable attorney's fees may be awarded "when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party."   *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987).   The District Court accordingly did not err in granting attorney's fees to Southline as the prevailing party in this litigation.

**CONCLUSION**

We have considered Up State's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court